G. & C. S. WOOD *vs.* TIMOTHY B. PATCH & CO.

Action against A. for work done for B.: —

*Held*, that if any credit is given to B., the action against A. cannot be maintained without a contract in writing.

EXCEPTIONS to the Court of Common Pleas.

*February* 24, 1877. DURFEE, C. J. The plaintiffs are blacksmiths, and, as such, did work on a horse and wagon, for one William Burhoe. They seek to charge the defendants on a promise to pay for it. The court below decided the action could not be maintained, the promise not having been made in writing, and therefore directed a verdict for the defendants. The plaintiffs excepted.

We do not think the exception should be sustained. The plaintiffs rest their claim upon a conversation between one of the plaintiffs and one of the defendants. The plaintiff, who was party to the conversation, testifies that Burhoe was, previous to and during the time when the services were performed, employed by the defendants, who had their blacksmithing done at their shop. That the team on which the services were performed had belonged to the defendants, but they had heard it had been sold to Burhoe, but in such a way that it still belonged

to the defendants; that Burhoe bought it and wanted them to do blacksmithing on it and trust him; that they refused; that he went away, and Mahan, one of the defendants, came, when the conversation relied on to support the action ensued. The conversation, as related by the plaintiff witness, was as follows: The plaintiff asked Mahan to whom they should charge the work on the team. Mahan replied: " Charge it to Burhoe, and I will see you paid. I want it charged to Burhoe separate from our account, for we shall have a settlement with him some time, and we shall want to know the amount of work done on the team." This account of the conversation was confirmed by other witnesses. The work was done by the plaintiffs, and charged on their books to Burhoe, as the defendants requested.

If the plaintiffs had done the work after this conversation, exclusively upon the credit of the defendants, we are not prepared to say that they would not have been entitled to go to the jury upon the question of the liability of the defendants. The trouble is, they gave credit to Burhoe as well as to the defendants, as appeared by admissions made by one of the plaintiffs in the testimony given by him at the trial. He testified that, during the time their account with Burhoe was running, they also had an account against the defendants; that Burhoe made several payments on his account, and the defendants made numerous payments on their account, but never paid, and were never asked to pay, anything on Burhoe's account; that, after Burhoe absconded, leaving a balance of $46.19 unpaid, he met the defendants when on his way to see if they owed Burhoe anything, or had anything belonging to Burhoe to satisfy their (the plaintiffs') claim, and yet did not tell them that he looked to them for pay, but that he went to see if Burhoe had left anything; because, under the contract with Mahan, he understood he was to look to Burhoe first. And the said plaintiff, more than once, in speaking of the obligation of the defendants, denominated it a guaranty. And there was nothing to vary or contradict the said plaintiff on that point.

It is manifest from these admissions that the credit was not given exclusively to the defendants, and, in an action of this kind, the rule is, that if any credit is given to the party who receives the benefit, the defendant cannot be held, unless the

contract is in writing. 1 Smith Lead. Cases (7th ed.), 504; 3 Kent Comm. *123; *Leland* v. *Creyon*, 1 McC. 100; *Buckmyr* v. *Darnall*, Ld. Raym. 1085; *Matson et al.* v. *Wharam*, 2 Term Rep. 80; *Swift* v. *Pierce*, 13 Allen, 136; *Cahil* v. *Bigelow*, 18 Pick. 369; *Rogers* v. *Kneeland*, 13 Wend. 114; *Walker* v. *Richards*, 39 N. H. 259. It would, therefore, have been useless to leave the case at large to the jury, inasmuch as a verdict in favor of the plaintiffs would have been contrary to their own evidence and admissions, and could not have been sustained. And see *Hill* v. *Raymond*, 3 Allen, 540; *Denny* v. *Williams*, 5 Allen, 1; *Howard Express Co.* v. *Wile*, 64 Pa. St. 201; *Ryder* v. *Wombwell*, L. R. 4 Exch. 32, 34.

The first exception is overruled. The second exception is also overruled. The judgment of the Court of Common Pleas is affirmed, with the additional costs of this court.

*Slocum & Allen*, for plaintiffs.

*Elisha C. Mowry*, for defendants.